IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:15cv250-CWR-FKB

DODGE COUNTY CIRCUIT COURT                                                  DEFENDANT

REPORT AND RECOMMENDATION

This *pro se* case is before the Court *sua sponte* for consideration of dismissal. Plaintiff Patricia Chapman filed her complaint [1] on April 3, 2015. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") [2]. Having liberally construed the complaint, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff alleges that she is a current resident of Mississippi. The Defendant is the Dodge County Circuit Court, located in Dodge County, Wisconsin.

As stated above, Plaintiff is also prosecuting this case *pro se,* therefore the Court must liberally construe her pleadings. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). With this in mind, the undersigned has considered whether this Court has jurisdiction to hear this case, noting that subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted). Another consideration is whether Plaintiff would be able to obtain personal jurisdiction over Defendant, a non-resident, even if she were allowed to proceed in this Mississippi federal court. Finally, the undersigned notes that Plaintiff has filed her complaint in a venue which has no connection whatsoever to Defendant or to the factual events which led to this lawsuit.

1

Chapman alleges in her complaint that she has "had her children illegally taken away" and does not "recognize Dodge County Circuit Courts." [1] at 2. After reviewing the complaint, the undersigned is unable to determine what claims are raised, which facts pertain to any claims raised, the legal basis for Plaintiff's claims, or whether this Court has jurisdiction. Although Plaintiff references a handicap and discrimination in her request for relief, she provides no additional information.

Even assuming that Plaintiff has stated a constitutional claim that would give rise to federal jurisdiction, there is no basis for her claims to be considered by this federal Court in Mississippi. The named defendant is the Dodge County Circuit Court, which she alleges is located in the County of Dodge, in the State of Wisconsin. In her complaint, she alleges facts that occurred in Florida and Wisconsin that were, presumably, the basis of any action taken by the Dodge County Circuit Court, located in Wisconsin. Although Chapman does allude to a visit to Mississippi in the summer of 2014, she also alleges that Mississippi, among other states, "never had any problem with me," and she was "never investigated by Child protective services in these states." Nevertheless, none of the facts recited by Plaintiff occurred in Mississippi, and none of the alleged actions by the Dodge County Circuit Court involved or occurred in Mississippi. All of the claims involve the custody of Plaintiff's children in the State of Wisconsin, and this defendant, the Dodge County Circuit Court, has utterly no connection to Mississippi.

If Plaintiff has stated a cause of action, she has sued in the wrong venue. Venue is based on 28 U.S.C. § 1391(b), which states that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants reside in the same State;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has sued over events that occurred in Wisconsin, and federal venue would only be proper in the United States District Court for the Eastern District of Wisconsin, in which Dodge County is located. Additionally, no personal jurisdiction could be obtained over this defendant even if Plaintiff were allowed to proceed in Mississippi. Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985). No such act on the part of this defendant has even been alleged, and personal jurisdiction is a fundamental question in every case.

28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Dismissal or transfer under §1406(a) may be undertaken *sua sponte. See Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (1989).

The undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a). There is no indication that any relevant statute of limitations has run, and Plaintiff may sue the Dodge County Circuit Court either in the state courts of Wisconsin or in the federal district court in the Eastern District of Wisconsin.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 15th day of June, 2015.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE